After making the foregoing statement of facts, the opinion of the court was delivered by
LURTON, Circuit Judge.
Neither of the original certificates was payable in money, and neither was evidence of a deposit of money. One on its face was “payable in certain notes,” and the other in “certain bonds,” and both bore evidence of being issued for a “special deposit.” Neither embodied a contract negotiable in character, and one taking them as originally issued could not claim the protection accorded one who takes negotiable paper before maturity for value, and without notice of defenses. When the first certificate was indorsed to the Columbia National Bank, it received it as a special contract, redeemable or payable in “certain notes,” and not payable in money. No question of innocent purchaser could arise upon such paper, and it is wholly immaterial whether the bank had any knowledge outside the terms of the paper itself. It acquired no greater rights against the Valley Bank than existed in favor of the payee named in the certificate. The contention of appellant that the certificate which it now holds was issued in payment of the original certificate is without support in the facts. It was issued as a mere substitute for the original, which had been accidentally spoliated. The only consideration for the certificate now held was the one originally issued. That was redeemable in “certain notes.” There was no new agreement between the parties, and no consideration for an agreement to pay in current funds. The change in the contract was made without the knowledge, consent, or intention of the Valley Bank, and was wholly due to the gross carelessness of the clerk who prepared and issued it. Under these facts, the complainant cannot be regarded as a purchaser without notice. It is therefore subject to any defense which could have been made against the original. This certificate was redeemable in the notes deposited by Dwiggins, Starbuck & Oo. Those notes are held subject to the order of complainant, having never been collected or- otherwise disposed of. The decree of the circuit court as to the certificate dated December 17, 1892, must be affirmed.
The rights of the complainant upon the certificate dated February 1, 1893, depend upon a different state of facts. That certificate, in its present shape and form, was discounted by the Columbia National Bank February 8, 1893. The officer who acted for the bank in discounting it was Zimri Dwiggins, its president. Dwiggins was one of the owners of the Valley Bank, and was a member of the firm of Dwiggins, Starbuck & Co., who procured the issuance of *600 both the original and the substituted certificates. He was also the president of the United States Loan & Trust Company, to whom the certificate was payable. Dwiggins’ knowledge of the actual terms upon which the Valley Bank had issued this certificate is clearly established. That he knew of the mistake made by the teller in making the duplicate of the original certificate is not shown; but that he knew that income bonds had been deposited upon which this certificate was issued, and that the certificate was redeemable in such bonds, unless in the meantime they had been sold by the Valley Bank, is clearly shown, and is not denied by Dwiggins.
This brings us to the question as to whether the Columbia National Bank is chargeable with the knowledge of Dwiggins. We think it is. Dwiggins acted for the bank in discounting this certificate, and, unless there is something else in the case, the bank, upon well-settled principles of the law of agency, is chargeable with the notice which its agent had as to the contract under which this certificate was redeemable. The contention made by counsel for appellant is that Dwiggins was interested for himself in obtaining the discount of this paper, and that he therefore acted for himself in causing its discount by the bank, and that notice to him under such circumstances is not to be imputed to the bank, even though the bank obtained its title through him as its sole agent. The general rule that a principal is held to know all that his agent knows in a transaction in which the agent acts for him has its exceptions. One of these exceptions is that the agent’s knowledge will not be imputed to the principal where the legal effect of what the agent did was to cheat the principal for his own benefit. This exception has been many times noticed and applied, and was the subject of elaborate consideration by this court in Read v. Doak, 22 U. S. App. 669, 12 C. C. A. 643, and 65 Fed. 341, and in Wilson v. Pauly, 37 U. S. App. 642-651, 18 C. C. A. 475, and 72 Fed. 129. But it is unnecessary to consider the application of this principle to this case, for the reason that the facts do not show that Dwiggins was acting for himself or for any firm or corporation in which he liad an interest. The assumption that this certificate was discounted for the benefit of Dwiggins, Starbuck & Co., in which firm Dwiggins was interested, is based upon the mere form in which entries were made upon the books of the bank. It was agreed by counsel for both parties that the books of the Columbia National Bank show that on the 8th of February, 1893, the United States Loan Sc Trust Company deposited, among other certificates, the one now under consideration, and received credit for the same upon the books of the bank, and upon same day drew its check upon the bank to the order of Zimri Dwiggins, president of the bank, for an amount which covered the proceeds of this certificate, and that the amount so drawn out by the United States Loan Sc Trust Company was placed to the credit of Dwiggins, Starbuck & Co. No explanation of these entries is made, although both Mr. Dwiggins and Mr. Star-buck testify as witnesses for the complainant that the income bonds deposited with the Valley Bank, and for which this certificate was *601 issued, were owned by J. M. Starbuck individually, or in part by J. M. Starbuck, and the rest by his brother, W. H. Starbuck, and that the certificate was issued to the United States Loan & Trust Company as a mere matter of form, and to add to its credit. Both these witnesses likewise testify that both J. H. and W. H. Starbuck were individually indebted to the Columbia National Bank by individual notes unsecured by collateral or otherwise, and that this certificate was accepted by the bank in payment of the individual indebtedness of J. H. Starbuck to the Columbia National Bank. Dwiggins says he thought the certificate better paper than the individual note of Starbuck, and therefore accepted it in place of such paper for the bank. This transaction seems to have been completed in connection with other certificates discounted at same time by the bank, and the form of book entry may have been adopted as a consequence. But, whatever the form of book entry, the actual fact was that this certificate, though issued to the United States Loan & Trust Company and at the request of Dwiggins, Starbuck .& Co., was the property of J. H. Starbuck or f J. H. and W. H. Starbuck, and was indorsed to the Columbia National Bank, and applied in payment or liquidation of the individual indebtedness of J. H. Starbuck to that bank. Thus, Dwiggins acted alone for the bank in taking this certificate, and in applying it upon the individual indebtedness of Starbuck; and the general rule imputing to a principal the knowledge of his agent, who acted for him in a particular transaction, has full force and application to this case. The suggestion that Dwiggins was one of the partnership owning the Valley Bank, and was therefore acting for himself in discounting the certificate of the Valley Bank, is not well taken. This certificate was not discounted for the Valley Bank. It was no party to the transaction by which the Columbia National Bank acquired its title. The decree of the circuit court upon the matters involved by the cross bill was correct, and the decree of the court is in all respects affirmed.